Dear Mayor Brown:
This office is in receipt of your request for an opinion of the Attorney General in regard to a town ordinance restricting use of Town vehicles in order to limit the Town's liability. However, there is a concern whether the provision interferes with the powers of the elected Chief of Police.
The ordinance, Use of Town's Vehicles, provides as follows:
 I The Town's vehicles shall not be driven outside the corporate limits of the Town except for the following instances:
 1) When specifically involved in business for the Town, which use shall require the documentation of the event giving the date, time, place and purpose, which document shall be submitted in a monthly report by the department head to the Mayor and council;
 2) When assistance is requested beyond the Town's corporate limits by other governmental agencies or department requiring the use of Town vehicles;
 3) When engaged in "hot pursuit" of traffic violators or of felons or persons who have committed misdemeanors.
 II The use of the Town' vehicle as a mode of transportation to and from work outside the Town's Corporate Limits does not constitute official Town business.
 III Only Town employees, its elected officials, and volunteers with the police and/or fire department/first responders, emergency medical technicians and/or persons who are arrested and/or persons in need of police protection or escorting shall be allowed in the Town's vehicles.
 IV The Town's vehicles shall not be used as a mode of transportation to and from work except for the Chief of Police, the Assistant Chief of Police, the Town's manager and the Maintenance Supervisor.
As noted by your town's attorney, this office has rendered several opinions in regard to the legality of restrictions being placed upon use of police vehicles by the governing authority through adoption of ordinances to regulate use of all town vehicles. In Atty. Gen. Op. No. 97-558 this office was requested to render an opinion regarding the legality of a Town ordinance that was similar to the ordinance in question, and the necessity of the elected Chief of Police to obey the ordinance. That ordinance required vehicles be marked for its departmental assignment, prohibited the use of town vehicles for personal use or being taken out of the Town limits except on official business, and prohibited passengers in any vehicle except for official business. Additionally, trip tickets were required to be turned over to the Town clerk on a daily basis, and all vehicles were to be stored in the designated fenced area unless an individual lived within the Town limits and was on call.
In that opinion this office recognized the inherent power of the chief of police to control city police property which includes assigning a police department vehicle to himself, but that such vehicle could not be used as a personal car unless this personal use has been authorized by the mayor and board of aldermen in accordance with Lentini v. City of Kenner,211 So.2d 311 (LA. 1968), and further found that the general responsibility for law enforcement granted to a chief of police means the power to supervise the operation of the police department and assign its personnel and equipment, subject to the statutory authority exercisable by the mayor and the board of aldermen under Cogswell v. Town of Logansport, 321 So.2d 774
(La.App 1975). Based upon this jurisprudence it was then concluded, "Because Ordinance 312 prohibits only the unauthorized personal use of these vehicles, it is our opinion that the ordinance does not infringe on the chief of police's inherent powers."
That opinion further found the requirement of daily trip tickets valid insofar as the mayor may require any officer of the municipality to exhibit his accounts, and make reports to the board of aldermen in writing on matters pertaining to his office, "including the readings of an odometer of police vehicles, an accounting of trips made in the police vehicle and the purpose of such trips."
This office has repeatedly observed that the chief of police has the authority to control police department vehicles and assign a vehicle to himself, but such vehicle may not be used as a personal car unless this personal use has been authorized by the mayor and board of aldermen because of their power to control and manage municipal property. Atty. Gen. Op. Nos. 98-245, 96-475, 96-292.
Accordingly, we would conclude that the ordinance in question would be valid insofar as it prohibits "unauthorized personal use" of the Town vehicles, and documentation of out of town vehicle use. Moreover, insofar as the ordinance restricts the use of the Town's vehicles as a mode of transportation to and from work except for the Chief of Police and Assistant Chief of Police, this could only be an infringement upon the Chief of Police's authority in the event there are other members of the police force who would be on call and are authorized by the Chief of Police to travel to and from work in an assigned police vehicle to accommodate their on call status. However, if these individuals are not on call, the use of the police vehicle going to and from work would be personal use which may be restricted by the governing authority.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE
Assistant Attorney General
BBR